**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Fredrick Williams, Appellant.

Appellate Case No. 2021-000628

---

Appeal From Georgetown County
Steven H. John, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-358
Submitted October 1, 2023 – Filed November 8, 2023

---

**AFFIRMED**

---

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ambree Michele Muller, both of
Columbia; and Solicitor Jimmy A. Richardson, II, of
Conway, all for Respondent.

---

**PER CURIAM:** Fredrick Williams appeals his conviction for second-degree
criminal sexual conduct with a minor and sentence of sixteen years' imprisonment,
arguing the trial court abused its discretion by admitting DNA evidence when the

State failed to establish a sufficient chain of custody. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by admitting the DNA evidence because the State established a chain of custody as far as practicable. The State identified the non-testifying links in the chain of custody and demonstrated the manner in which they handled the DNA evidence. Further, Williams identified no evidence of tampering, bad faith, or ill-motive. *See State v. Wright*, 391 S.C. 436, 442, 706 S.E.2d 324, 326 (2011) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." (quoting *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002))); *State v. Hatcher*, 392 S.C. 86, 94, 708 S.E.2d 750, 754 (2011) ("Courts have abandoned inflexible rules regarding the chain of custody and the admissibility of evidence in favor of a rule granting discretion to the trial courts."); *State v. Joseph*, 328 S.C. 352, 364, 491 S.E.2d 275, 281 (Ct. App. 1997) ("A party offering into evidence fungible items such as drugs or blood samples must establish a chain of custody as far as practicable."); *State v. Taylor*, 360 S.C. 18, 22-23, 598 S.E.2d 735, 737 (Ct. App. 2004) ("Where the analyzed substance has passed through several hands, the evidence must not leave it to conjecture as to who had it and what was done with it between the taking and the analysis."); *id.* at 25, 598 S.E.2d at 738 ("[I]f the identity of each person in the chain handling the evidence is established, and the manner of handling is reasonably demonstrated, no abuse of discretion is shown in the admission, absent proof of tampering, bad faith, or ill-motive."); *S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 629 n.1, 614 S.E.2d 642, 646 n.1 (2005) ("Whether the chain of custody has been established as far as practicable clearly depends on the unique factual circumstances of each case.").

**AFFIRMED.** [1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.